# WHEELING.

CAPPELLAR v. QUEEN INSURANCE COMPANY.

Submitted August 15, 1882—Decided April 28, 1883.

(*WOODS, JUDGE, Absent.)

1. Where a declaration in an action on a policy of insurance is filed in the form prescribed by. chapter 66 of Acts of 1877, section 1, and the defendant under the fourth section of this act pleads, that he is not liable to the plaintiff as is in said declaration alleged, but the real defense is, that the action cannot be maintained because of the failure to perform or comply with, or the violation of any clause, condition or warranty in, upon or annexed to the policy, or continued in or upon any paper, which is made by reference a part of the policy; and by this fourth section the defendant is required to file a statement, in writing, specifying by reference thereto or otherwise, the particular clause, condition or warranty, in respect to which such failure or violation is claimed to have occurred, with such affidavit thereto as is required by this section, and he accordingly offers to file such plea and statement, the court must permit such plea and statement with accompanying affidavit to be filed, and cannot refuse to permit such statement or any part thereof to be filed, either because in the opinion of the court certain facts set out in said statement constitute no defense to the plaintiff's action, or because the statement is so vague as not to notify the plaintiff in effect of the nature of the defense intended to be set up against him. (p. 591.)

2. If any of the facts set out in such statement constitute no defense to the action, the court on the motion of the plaintiff on the trial of the case, should exclude from the jury all evidence offered by the defendant to prove such immaterial facts. (p. 594.)

3. If any of the facts set out in such statement are set out so vaguely, as not to notify the plaintiff in effect of the nature of the defense intended to be set up against him, the court at the trial of the case before the jury should on motion of the plaintiff exclude all the evidence of the defendant offered to prove facts so insufficiently stated in his written statement and filed with his plea. (594.)

4. If however the defendant under the third section of said act is required by the court or judge to file a more particular state-

---

*Case submitted before Judge W. took his seat on the bench.

ment, in any respect, of the nature of his defenses, or of the facts expected to be proven at the trial, which must have the affidavit prescribed by this section attached to it, and such statement and affidavit are filed, the court may adjudge this statement filed under its order insufficient, if it be two vague to notify the plaintiff in effect of the nature of the defense intended to be set up against him; but not because the facts stated constitute in the judgment of the court no defense. And if the statement be regarded by the court as insufficient because of such vagueness, the court may have its judgment, that it is thus insufficient, entered of record, and, as justice may require, grant further time for filing the same, or permit the statement filed to be amended, or it may at the trial exclude evidence offered by the defendant if in default as to any matter, which he has so failed to state or has thus insufficiently stated, whether it has been so entered of record, or whether no entry of record has been made, as to the sufficiency or insufficiency of such statement; or it can exclude evidence of any fact though set out definitely in such statement, if such fact constitutes in the judgment of the court at the trial no defense. But it cannot refuse to permit such statement to be filed when it is offered by the defendant. (p. 596.)

5. Precisely the same rules are applicable when statements are filed under the provisions of chapter 66 of Acts of 1877 by the plaintiffs. (p. 596.)

6. If the facts on either side have been proven before the jury, the court at the trial may instruct the jury, that such facts constitute no defense for the defendant and no ground of claim by the plaintiff. (p. 597.)

7. Under chapter 66 of Acts of 1877 these statements, whether filed by the plaintiff or by the defendant, are not in the nature of pleadings, but are in the nature of notices to the adverse party of the nature of the claim or defense intended to be set up against him. They resemble closely the bill of particulars, which under the provisions of the Code of West Virginia are required to be filed in actions of *assumpsit* with the declaration or with the pleas of payment or set-off, or the bill of particulars, which under the Code of West Virginia the court may require to be filed in any sort of action. (p. 598.)

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Kanawha, rendered on the 9th day of April, 1881, in an action at law in said court then pending, wherein J. R. Capellar was plaintiff, and the Queen Insurance Company was defendant, allowed upon the petition of said company.

73

Hon. F. A. Guthrie, judge of the seventh judicial circuit, rendered the judgment complained of.

GREEN, JUDGE, furnishes the following statement of the case:

At the October rules, 1880, J. R. Cappellar filed his declaration in *assumpsit* against the Queen Insurance Company of Liverpool and London, together with the policy therein mentioned. The declaration was as follows:

"WEST VIRGINIA, KANAWHA COUNTY, TO-WIT:

"IN THE CIRCUIT COURT THEREOF.

"J. R. Cappellar complains of Queen Insurance Company of Liverpool and London, England, a corporation created under the laws of Great Britain, and existing therein and in the State of New York, who has been summoned of a plea of trespass on the case in *assumpsit* to answer this, for that the defendant, by virtue of the policy of insurance herewith filed, being fire policy No. 829,916, issued March 8, 1881, owes one thousand seven hundred and fifty dollars, with legal interest thereon from the 22d day of April, 1880, to the plaintiff, for loss in respect to the property insured by said policy caused by fire on or about the 22d day of April, 1880, at Charleston, West Virginia. And the defendant, in consideration of the premises, respectively, then and there promised to pay said sum of money to the plaintiff on request. Yet it has disregarded its promises and has not paid said sum of money, or any part thereof, to the plaintiff's damage, two thousand dollars. And thereupon he brings suit.

"LAIDLEY & HOGEMAN, *P. Q.*"

The policy of insurance filed with this declaration was not under the seal of the defendant, but was signed by two of the directors and the manager of said company, in New York.

Its contents so far as need be stated was as follows:

"WHEN POLICIES SHALL NOT ATTACH.

"6. In case of any false representation by the insured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk, or on over-valuation, or any misrepresentation whatever, either

in a written application or otherwise, or if, during the continuance of this policy, or 'any renewal thereof, or if, at the time of such renewal there shall have been any change in the risk either within itself or by or in adjacent buildings, not made known to the company by the insured, or if the risk shall be increased or rendered more hazardous, or by the using, storing or vending in or on the premises hereby insured of any goods, wares or merchandise, or the carrying on therein of any trade, business or vocation denominated hazardous, extra or specially hazardous in the memorandum annexed to this policy, unless so written hereon, or by any changes in the occupation of the premises, or by the vacation thereof by the occupant, or by any other means whatever within the control of the insured by which the hazard is increased, then and from thenceforth this policy shall cease to attach.

"POLICIES BECOME VOID, ABSOLUTE AND UNCONDITIONAL.

"7. This policy shall be void and immediately cease to be binding on this company if the property be sold or transferred, or any alienation or change take place in title or possession, whether by legal process or judicial decree or voluntary transfer or conveyance, or if the interest of the insured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee or otherwise, be not truly stated in this policy, or if the insured has or has had, at any time during the life of this policy, any other insurance or contract for insurance, whether valid or not, on the property covered by this policy, or any part thereof, not concurrent with this policy, or covering other property in addition to the subject of this insurance, or when property has been sold and delivered, or otherwise disposed of, so that all interest or liability on the part of the insured has ceased and terminated.

"(NOTE.—The commencement of proceedings to foreclose a mortgage, or the levy of an execution, shall be deemed an alienation of the property, and the company shall not be holden for loss or damage thereafter.)

"CONDITIONS BY WHICH POLICIES BECOME VOID.

"8. And this policy shall also be void and immediately cease to be binding on the company in the following cases unless permission in writing on this policy is given by the

company. If the insured, or any other person or parties interested, shall have existing during the continuance of this policy any other insurance or contract or agreement for insurance allowed by the preceding condition, whether valid or not, against loss or damage by fire on the property herein described, or any part thereof, or if the insured's interest in the property insured is not absolute, or is less than a perfect title, or if this policy, or any part thereof, or any interest in it, shall be assigned, either before or after a loss, or if the premises hereby insured, or containing the property so insured, shall be occupied or used so as to increase the risk, or become vacant or unoccupied, or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever, without the insured giving notice to the company and obtaining consent therefor as above provided, or if it be a manufacturing establishment, running and operating in whole or in part over or extra time, or running nights, or if it shall cease to be operated, or where gunpowder, phosphorus, fire-works (except fire-crackers and torpedoes in packages), naphtha, benzole, benzine, gasoline, or any of the volatile products of petroleum or coal oil, camphene, burning fluid, spirit gas, chemical oils, nitro-glycerine, crude, coal or earth oils, or any articles subject to legal restrictions, are deposited, stored or kept, or where vapor of gasoline, naphtha, benzine or benzole is generated on the premises or contiguous thereto, or used for light on the premises, even though the written portion insures a stock or business in which they are used (see sec. 13), or if refined coal or earth oils or kerosene in quantities exceeding five gallons are de posited, stored or kept on the premises."

At the next term of said circuit court the defendant offered to file two pleas in writing, numbered one and two, to the filing of each of which the plaintiff objected, but the court overruled the objections and permitted said pleas to filed; they were as follows:

## PLEA No. 1.

"IN KANAWHA CIRCUIT COURT.

"And for a further plea the defendant says that heretofore, to-wit:   On the 22d day of April, 1880, the plaintiff volun-

tarily and willfully set on fire the house in the policy described and mentioned, filed with the declaration, and that said house was then and thereby consumed by fire. And that all the loss complained of in the declaration was occasioned by the said voluntary and willful act of the said plaintiff. And this the defendant is ready to verify.

"QUARRIER, *P. D.*"

### PLEA No. 2.

"IN KANAWHA CIRCUIT COURT.

"And for a further plea the defendant says, that heretofore, to-wit: On the 22d day of April, 1880, the plaintiff voluntarily and willfully caused the house in the policy described and mentioned, filed with the declaration, to be set on fire by some person or persons to the defendant unknown, and that said house was then and thereby consumed by fire, and that all the loss complained of in the declaration was occasioned by the said voluntary and willful act of the plaintiff. And this the defendant is ready to verify.

"QUARRIER, *P. D.*"

And thereupon the plaintiff replied generally to each of these pleas and put himself upon the country, and the defendant did the like. The defendant at the same time tendered a third plea in writing marked No. 3, to the filing of which the plaintiff objected, as well as to the filing of the statement of facts filed with the plea No. 3. The court overruled the objections to the filing of plea No. 3, but sustained the objection to so much of said statement accompanying plea No. 3 as is marked I. and II., and to each subdivision thereof; but the court overruled so much of said statement as is marked III. and required the defendant to amend so much of said statement as is marked I. and II. before it would allow such parts thereof to be filed. This plea No. 3 and accompanying statement are as follows:

"IN KANAWHA CIRCUIT COURT.

"And now the said defendant, for plea in this behalf, says it is not liable to the plaintiff as in the plaintiff's declaration is alleged, and this it is ready to verify.

"QUARRIER, *P. D.*

"The defendant files the following statement with his

pleas, specifying the particular clause, condition or warranty in the policy contained in respect to which a failure or violation is claimed to have occurred:

"I. There was a violation of the 6th and 7th condition of the policy in these several particulars:

"*a.* The interest of the insured in the house insured was falsely stated by the plaintiff in his application for the policy and in the policy itself.

"*b.* The interest of the insured in the household and kitchen furniture was falsely stated by the plaintiff in the same manner.

"*c.* The interest of the insured in the piano and sewing machine was falsely stated by the plaintiff in the same manner.

"*d.* The plaintiff, at the time of the insurance, was not the owner in fee of *all* of the property insured, but had a life estate only.

"*e.* The plaintiff, at the time of the insurance, was not the owner of *any* of the property insured, but had a life estate only.

"II. There was also a violation of the 7th condition of the policy in this:

"*a.* That after the policy was executed, there was a levy made of an execution or executions by an officer of the law upon a portion of the insured property.

"III. There was also a violation, on the part of the plaintiff, of the 6th condition of the policy in this: that the plaintiff represented, at the time the policy was obtained, that there was no encumbrance upon the property, when in truth and in fact there were three (3) trust-deeds executed by the plaintiff upon all or some portion of the insured property, which were duly recorded—one dated 2d May, 1879, to J. M. Payne, trustee, one dated 14th February, 1880, to Wm. S. Laidley, trustee, one other dated 4th October, 1879, to J. M. Payne, trustee.

"QUARRIER, *P. D.*

"KANAWHA COUNTY, TO-WIT:

"Nelson B. Coleman, an agent of the defendant in this suit, this day made oath before the undersigned authority that the matters of defense contained in the foregoing state-

ment will be supported by evidence at the trial of said suit.

"Given under my hand this 22d day of March, 1881.

"L. A. MARTIN,
"*Notary Public.*"

To the decisions of the court relative to this statement, the defendant tendered a bill of exceptions No. 1 which was signed, sealed and enrolled.

On another day of the same term of the court the defendant tendered another plea in writing, marked No. 4, together with a statement of facts accompanying the same; to the filing of which statement and each part thereof, the plaintiff objected, and the court sustained said objections to so much of said statement as is marked II., and to each sub-division thereof, and refused to allow said statement to be filed until after said part numbered II. was stricken therefrom; to this action of the court the defendant excepted, and his bill of exceptions thereto, No. 2, was signed, sealed and enrolled. This plea No. 4 and the statement accompanying were as follows:

"IN KANAWHA CIRCUIT COURT.

"And now the said defendant, for plea in this behalf, says that it is not liable to the plaintiff as in the plaintiff's declaration, is alleged; and this it is ready to verify.

"QUARRIER, *P. D.*

"The defendant files the following statement with his plea, specifying the particular clause, condition or warranty in the policy contained in respect to which a failure or violation is claimed to have occurred:

"I. There was violation of the 6th condition of the policy in this:

"*a.* At the time of the application for the policy filed with the declaration, the plaintiff represented to the agent of the company, who issued the policy, that he was the owner in fee of the house and lot insured, when in truth and in fact he had only an estate therein for his own life.

"*b.* At the time of said application, a similar statement was made by said plaintiff to said agent in regard to the household and kitchen furniture and other furniture mentioned in

said policy, when in truth and in fact said plaintiff only owned a life estate therein.

"*c*. At the time of said application a similar statement was made by said plaintiff to said agent in regard to the piano and sewing machine mentioned in said policy, when in truth and in fact said plaintiff only owned a life estate therein.

"II. There was a violation of the 7th condition of the policy in this:

"*a*. The interest of the insured, the plaintiff, in the property insured was not truly stated in the policy.

"*b*. The policy described the house insured as 'his (the plaintiff's) two-story frame, shingle-roof dwelling,' &c., &c., 'occupied by assured,' &c., when in truth and in fact the plaintiff had only a life estate therein.

"*c*. The policy describes the piano as 'his' (the plaintiff's) and the sewing machine as 'his' (the plaintiff's), when in truth and in fact the plaintiff had only a life estate therein.

"III. There was also a violation, on the part of the plaintiff, of the 6th condition of the policy in this: That the plaintiff represented, at the time the policy was obtained, that there was no encumbrance upon the property, when in truth and in fact there were three (3) trust deeds executed by the plaintiff upon all or some portion of the insured property, which were duly recorded—one dated 2d May, 1879, to J. M. Payne, trustee; one dated 14th February, 1880, to Wm. S. Laidley, trustee; one other dated 4th October, 1879, to J. M. Payne, trustee.

"QUARRIER, *P. D.*"

"KANAWHA COUNTY, TO-WIT:

"Nelson B. Coleman, an agent of the defendant in this suit, this day made oath before the undersigned authority that the matters of defense contained in the foregoing statement will be supported by evidence at the trial of said suit.

"Given under my hand this 28th day of March, 1881.

"JAMES E. MIDDLETON,
"*Notary Public for Kanawha Co., W. Va.*"

At the same time the defendant tendered another plea in writing, numbered five, with a statement of facts appended thereto; and thereupon the plaintiff objected to the state-

ment of facts and each part thereof, and the court sustained the same as to so much of said statement as is marked II., and to each sub-division thereof, and the court overruled the said objections as to so much of said statement as is marked I. and III., and to each sub-division thereof, and refused to allow said statement of facts to be filed, unless said portion thereof marked II. and each sub-division thereof be stricken from said statement; and to this action of the court, in reference to those portions of said statement marked II., the defendant excepted and filed his bill of exceptions No. 3, which was signed, sealed and enrolled. This plea No. 5 and accompanying statement were in the words:

"IN KANAWHA CIRCUIT COURT.

"And now the said defendant, for plea in this behalf, says that it is not liable to the plaintiff as in the plaintiff's declaration is alleged, and this it is ready to verify.

"QUARRIER, *P. D.*

"The defendant files the following statement with his plea, specifying the particular clause, condition or warranty in the policy contained in respect to which a failure or violation is claimed to have occurred:

"I. There was a violation of the 6th condition of the policy in this:

"*a.* At the time of the application for the policy filed with the declaration, the plaintiff represented to the agent of the company, who issued the policy, that he was the owner in fee of the house and lot insured, when in truth and in fact he had only an estate therein for his own life.

"*b.* At the time of said application a similar statement was made by said plaintiff to said agent in regard to the household and kitchen furniture mentioned in said policy, when in truth and in fact said plaintiff only owned a life estate therein.

"*c.* At the time of said application a similar statement was made by said plaintiff to said agent in regard to the piano and sewing machine mentioned in said policy, when in truth and in fact said plaintiff only owned a life estate therein.

"II. There was a breach of the 8th condition of the policy in this:

"*a.* At the time the policy was issued the insured interest

in the property insured was not absolute, for the reason that his interest was a life estate and not an estate in fee.

"*b.* At the time the policy was issued, the title of the insured to the property insured was less than a perfect title; he had an estate for life and not an estate in fee.

"*c.* There was no permission endorsed on the policy by the company that the policy should be issued to the insured, notwithstanding the fact that he had only a life estate in the property insured and not an estate in fee.

"III. There was also a violation on the part of the plaintiff of the 6th condition of the policy in this: that the plaintiff represented, at the time the policy was obtained, that there was no encumbrance upon the property, when in truth and in fact there were three (3) trust-deeds executed by the plaintiff upon all or some portion of the insured property, which were duly recorded—one dated 2d May, 1879, to J. M. Payne, trustee, one dated 14th February, 1880, to Wm. S. Laidley, trustee, and one other dated 4th October, 1879, to J. M. Payne, trustee.          "QUARRIER, *P. D.*

"KANAWHA COUNTY, TO-WIT:

"Nelson B. Coleman, an agent of the defendant in this suit, this day made oath before the undersigned authority that the matters of defense contained in the foregoing statement will be supported by evidence at the trial of said suit.

"Given under my hand this 29th day of March, 1881.

"JAMES E. MIDDLETON,
"*Notary Public for Kanawha Co., W. Va.*

"And thereupon the said defendant tendered a special plea in writing, marked No. 6, with a statement of facts annexed thereto, and the plaintiff objected to the statement and each part thereof, but the court overruled the objections and ordered said plea No. 6 and said statement to be filed, and it was accordingly done."

Plea No. 6 and the accompanying statement were as follows:

"IN KANAWHA CIRCUIT COURT.

"And now the said defendant for plea in this behalf says:

"That it is not liable to the plaintiff as in the plaintiff's declaration is alleged, and this it is ready to verify.

"QUARRIER, *P. D.*

"The defendant files the following statement with his plea, specifying the particular clause, condition or warranty in the policy contained, in respect to which a failure or violation is claimed to have accrued:

"I. There was a violation of the 6th condition of the policy in this:

"(a.) At the time of the application for the policy filed with the declaration, the plaintiff represented to the agent of the company who issued the policy, that he was the owner in fee of the house and lot insured, when in truth and in fact he had only an estate therein for his own life.

"(b.) At the time of said application a similar statement was made by said plaintiff to said agent in regard to the household and kitchen furniture, and other furniture mentioned in said policy, when in truth and in fact said plaintiff only owned a life estate therein.

"(c.) At the time of said application a similar statement was made by said plaintiff to said agent in regard to the piano and sewing machine mentioned in said policy, when in truth and in fact said plaintiff only owned a life estate therein.

"III. There was also a violation on the part of the plaintiff of the 6th condition of the policy in this, that the plaintiff represented at the time the policy was obtained, that there was no encumbrance upon the property, when in truth and in fact there were three (3) trust-deeds executed by the plaintiff upon all or some portion of the insured property, which were duly recorded; one dated 2d May, 1879, to J. M. Payne, trustee; one dated 14th February, 1880, to Wm. S. Laidley, trustee; one other dated 4th of October, 1879, to J. M. Payne, trustee.

"QUARRIER, P. D.

"KANAWHA COUNTY, TO-WIT:

"Nelson B. Coleman, an agent of the defendant in this suit, this day made oath before the undersigned authority, that the matter of defense contained in the foregoing statement, will be supported by evidence at the trial of said suit.

"Given under my hand this 29th day March, 1881.

"JAMES E. MIDDLETON,
"Notary Public for Kanawha County, W. Va."

At another day during the same term, on April 1, 1881, the plaintiff tendered a reply in writing, marked No. 1, to the defendant's pleas with a statement in writing attached to such reply, and the defendant objecting thereto, the court sustained the objections to the sub-divisions of said statement marked respectively V., VI., VII. and VIII., and refused to permit said reply and statement to be filed, unless such sub-divisions V., VI., VII. and VIII. were stricken therefrom; and thereupon the plaintiff tendered a reply in writing, marked No. 2, to the defendant's pleas with a statement in writing attached to said reply, which by leave of the court was filed. The plaintiff's said replies and accompanying statements were as follows:

### Reply No. 1.

"In Circuit Court of Kanawha County.

"And now comes the plaintiff, and by way of joinder of issues to the pleas filed by defendant to plaintiff's declaration in the above entitled action, says that he replies generally to said pleas and each of them.

"Laidley & Hogeman, *P. Q.*"

### Statement No. 1.

"The plaintiff files the following statement of matters upon which he intends to rely in waiver or estoppel, or by way of confession and avoidance of the matters stated in the statements, and each of them, filed by the defendant in this action:

"I. The agent of the defendant who issued the policy filed with the declaration in this action, knew at the time of issuing said policy how the plaintiff derived his interest in the house insured by said policy, and then knew what such interest was.

"II. The agent of the defendant who issued the policy filed with the declaration in this action, knew at the time of issuing said policy how the plaintiff derived his interest in the household and kitchen furniture and the other furniture insured by said policy, and then knew what such interest was.

"III. The agent of the defendant who issued the policy filed with the declaration in this action, knew at the time of

issuing said policy how the plaintiff derived his interest in the piano and sewing machine insured by said policy, and then knew what such interest was.

"IV. The agent of the defendant who issued the policy filed with the declaration in this action, knew at the time of issuing said policy that the three deeds of trust mentioned in defendant's statement filed with plea No. 6, had been executed by plaintiff, and were encumbrances on a portion of the property insured by said policy.

"V. The agent of the defendant who issued the policy filed with the declaration in this action, knew at the time of issuing said policy that there were encumbrances upon a portion of the property insured by said policy.

"VI. The value of the plaintiff's interest in the property included in the deeds of trust, other than that described in the policy filed with the declaration in this action, was of greater value than the aggregate of the indebtedness for which such deeds of trust were given as security, and of all other liens or encumbrances on such property, and therefore knowledge by the defendant, or its agents, of the existence of such deeds of trust was not material to the risk.

"VII. The agent of the defendant who issued the policy filed with the declaration in this action, in issuing said policy did not rely upon any representations of plaintiff in regard to the ownership of the property insured by said policy or of any encumbrances on such property, but informed himself on these subjects from other sources and issued such policy on the faith of the information derived from such other sources, and not in reliance on any representations of plaintiff such as are set forth in defendant's statement.

"VIII. The matter stated in the statement in writing filed with the defendant's pleas are untrue.

"LAIDLEY & HOGEMAN, *P. Q.*

"WEST VIRGINIA, KANAWHA COUNTY, TO-WIT:

"J. R. Cappellar, the plaintiff in the above entitled action, being duly sworn, says that he believes the matters of reply stated in the foregoing statements will be supported by evidence at the trial of said action.

"J. R. CAPPELLAR.

"Subscribed and sworn to before me this 1st day of April, 1881.

"THOMAS SWINBURN,
"*Clerk Kan. Cir. Ct.*"

### REPLY No. 2.

"And now comes the plaintiff, and by way of joinder of issue to the pleas filed by defendant to plaintiff's declaration in the above entitled action, says that he replies generally to said pleas and each of them.

"LAIDLEY & HOGEMAN, *P. Q.*"

### STATEMENT No. 2.

"The plaintiff files the following statement of matters upon which he intends to rely in waiver or estoppel, or by way of confession and avoidance of the matters stated in the statements, and each of them, filed by the defendant in this action:"

(Then follows Nos. I., II., III. and IV. as in statements. No. I. signed Laidley & Hogeman, P. Q.)

"Subscribed and sworn to before me this 1st day of April, 1881.

"THOMAS SWINBURN,
"*Clerk Kan. Cir. Ct.*"

A jury was sworn to try the issue joined, and on April 6, 1881, found a verdict for the plaintiff and assessed his damages at one thousand eight hundred and twenty-eight dollars and seventy-five cents. And on April 9, 1881, the court overruled a motion for a new trial, and entered up a judgment for the plaintiff against the defendant for one thousand eight hundred and twenty-eight dollars and seventy-five cents with interest from April 7, 1881, and costs, including ten dollars as allowed by law. From this judgment this Court has granted the defendant a writ of error and *supersedeas.*

*William A. Quarrier* for plaintiff in error:

1. The statement to be filed with the plea required by chapter 66, Acts 1877, is in effect a mere notice, and if it be sufficient to notify the adverse party in effect of the nature of the defense, it ought not to be rejected. Sec. 4 ch. 66, Acts 1877.

2. If the person insured, falsely states the interest or estate which is insured in the application, it renders the policy void. Or if such interest be falsely stated in the policy, the policy is void.     1 Phill. on Ins. §§ 534, 537.

3. The policy having provided that a levy of an execution upon any portion of the property insured, should avoid the policy, this clause of the policy is legal, and defendant is entitled to the benefit of it.

4. When the policy describes the property insured as "my" property, when in fact, the insured only owns a life estate, this avoids the policy.  1 Phill. Ins. § 874 a, p. 474; *Leathers* v. *Farmers' Ins. Co.*, 24 N. H. 259; 4 Waits' Actions and Defences, p. 22, and authorities there cited.

5. When the declaration alleges that the policy issued 8th March, 1881, and the fire occurred 22d April, 1880, the policy is void, and if a verdict has been rendered on the declaration, it should be set aside, and a new trial awarded.

*Laidley & Hogeman* for defendant in error cited the following authorities:  4 Wall. 188; 6 Gratt. 673; 17 Wall. 411; 13 W. Va. 202; 23 Ohio St. 578; 9 Leigh 347; 4 Rand. 192; Acts 1877 ch. 66.

GREEN, JUDGE, announced the opinion of the Court:

The question in this case is:  When a declaration in an action on a policy of insurance is filed in the form prescribed by chapter 66, of Acts of 1877, section 1, and a plea is filed by the defendant in the form prescribed by the act, and issue is joined thereon as prescribed in section five of said act, and the plaintiff or defendant or both of them without being required so to do by the court under sections two and three of this act files under sections four and five of this act the statements in writing referred to in these sections, should the court regard these statements, as if they were a portion of the pleadings in the case, and refuse to permit them or any portion of them to be filed, because when offered to be filed the court is of opinion, that such statements, or any particular part thereof, do not allege facts, which in the opinion of the court constitute, if true, a defense to the action; or when offered to be filed by the plaintiff do not state facts, which in

the opinion of the court constitute, if true, a good rejoinder by the plaintiff to the facts embraced in the statement filed with the defendant's plea; or under the sixth section of said Act of 1877 should the court strike out such statement filed by either party, or any part thereof, when such statement or part thereof *is sufficient to notify the adverse party in effect of the nature of the claim or defense intended to be set up against him or even when such is not the case ?* In other words: Under this chapter 66 of the Acts of 1877 should these statements be regarded in the nature of pleadings, and as being liable to be stricken out by the court, if they be such, as if formally pleaded, would have been liable to demurrer; or under this act are these statements similar to the bill of particulars or account, which the plaintiff is required in an action of *assumpsit* to file with his declaration by section 11, chapter 125 of Code of West Virginia; or to the account of payments and set-off which the defendant is required to file with his plea by section 4 chapter 126 of the Code of West Virginia, it being well settled, that these bills of particulars or accounts filed with the pleadings are not in the nature of pleading, but are to be regarded merely as notices of what will be proven at the trial; and if they are too vague, the penalty imposed on the party filing them is the exclusion of his evidence of any matters not described in such bill of particulars or account so plainly as to give the adverse party notice of its character, and by the 46th section of chapter 131 of Code of West Virginia, the court is authorized in any action or motion to order either party to file such bill of particulars, which the statute provides shall be subject to the same rules and be regarded in like manner as the bill of particulars filed in an action of *assumpsit*, or with pleas of payment or set-off?

Section 4 of chapter 66 of Acts of 1877, is as follows: "To any declaration or count in a policy of insurance, whether the same be in the form prescribed by this act or not, and whether the action be covenant, debt or *assumpsit*, the defendant may plead, that he is not liable to the plaintiff, as is in said declaration alleged. But if in any action on a policy of insurance the defense be that the action can not be maintained because of the failure to perform or comply with, or violation of any

clause, condition or warranty in upon or annexed to the
policy, or contained in or upon any paper, which is made by
reference a part of the policy, the defendant must file a state-
ment in writing specifying by reference thereto or otherwise,
the particular clause, condition or warranty in respect to
which such failure or violation is claimed to have occurred;
and such statement must be verified by the oath of the de-
fendant, his officer, agent or attorney-at-law to the effect,
that the affiant believes that the matter of defense therein
stated will be supported by evidence at the trial." And the
sixth section of said act is as follows: "If either party to the
action fail to file any statement required of him by this act,
or by the other party pursuant to this act, or if the state-
ment be adjudged insufficient in whole or in part, the court,
as justice may require, may grant further time for filing the
same, or permit the statement filed to be amended, or may at
the trial exclude the evidence offered by the party in default
as to any matter he has so failed to state, or has insufficiently
stated. But no statement, which in the particulars required
by or under this act to be stated, or referred to therein is
sufficient to notify the adverse party in effect of the nature
of the claim or defense intended to be set up against him,
shall be adjudged insufficient."

This Court has repeatedly decided, what it seems to me
was perfectly clear under the statute independently of any
decision, that a bill of particulars or account filed with an
action of *assumpsit* or with a plea of payment or set-off under
our Code, if defective, could be taken advantage of by the op-
posite side not by demurrer, but only by moving to exclude the
evidence from the jury, which might be offered to sustain
such imperfect bill of particulars or account, and that such
bill of particulars or account constituted no part of the plead-
ings in the case. See *Choen* v. *Guthrie et al.*, 15 W. Va. p.
113 and 114; *Abell* v. *Penn Mutual Life Ins. Co.*, 18 W. Va.
412, 413; *Smith* v. *Townsend, supra*.

Now it does seem to me quite obvious, that this chapter
66 of the Acts of 1877, p. 89, was simply intended to extend
the provisions of the Code of West Virginia, to which we
have referred as requiring in certain cases a bill of particu-
lars to be filed with the declaration, plea or rejoinder, as the

case might be, to actions on policies of insurance brought under this act, and that it was required, that the statement to be filed under chapter 66 of Acts of 1877 in actions on policies of insurance, when not those ordered by the court to be filed, were to stand in exactly the same relation to the case as did these bills of particulars now required to be filed under the Code. When such bills of particulars were filed in actions of *assumpsit* with the declaration, or were filed by the defendant with his pleas of payment or set-off, the court did not and could not properly pass on their sufficiency when filed. But if they turned out to be so vague as not to give plainly to the adverse party notice of their character, he was protected from resulting injury not by striking them out when offered to be filed because of their insufficiency but by excluding any evidence, that might be offered to sustain any item in his bill of particulars too vaguely described to give the adverse party notice of its character. This was certainly ample protection against vague and insufficient bills of particulars.

When however, the law itself did not require the filing of such bills of particulars, but under section 46 of chapter 131 of Code of West Virginia the filing of such bill was required by the order of the court in every action, I presume the court might supervise the bill of particulars, which was filed by its order, and if it deemed it insufficient in whole or in part might give further time for filing the same, or permit the bill of particulars filed to be amended, or might at the trial exclude the evidence offered by the party in default as to any matter, which he had failed to state in his bill of particulars, or as to any matter which the court had adjudged that he had insufficiently stated.

Section 46 of chapter 131 of the Code of West Virginia expressly provides, that the court may, when the case is tried, exclude evidence of any matter not described in such bill of particulars filed under the order of the court, when the matter is not described so plainly as to give the adverse party notice of its character. And it seems but reasonable, that where the bill of particulars is filed by the order of the court, the court should inspect it when filed, and if called upon by the parties to determine the question, then decide whether it

was so plain as to give the other party notice of its character, and enter on the record the adjudication whether such bill of particulars was or was not sufficient, that is, was or was not so plain as to notify the adverse party to the action of the claim or defense intended to be set up against him.   For it is obvious under section 46 of chapter 131 of the Code of West Virginia, and under the decisions of this Court in *Choen* v. *Guthrie et al.* 15 W. Va. 113, 114; *Abill* v. *Penn Mutual Life Insurance Co.*, 18 W. Va. 412, 413 and *Smith* v. *Townsend*, *supra*, that the court could not adjudge such bill of particulars insufficient for any other reason than because it was too vague to notify the adverse party of the nature of the claim or defense intended to be set up against him.   It could not adjudge it insufficient, when it was not too vague, merely because the court was of opinion, that the defense or rejoinder intended to be relied on was not good in law, for this would be to hold such bill of particulars liable to a general demurrer, which, we have decided, it is not.

This being, as I conceive, the state of the law with reference to bills of particulars when chapter 66 of Acts of 1877 was passed, it does seem to me, that section 6 of that act indicates clearly, that the statements either required by the law to be filed with the pleadings in actions on policies of insurance, or which might be required by the order of the court to be filed, were intended to stand upon the same footing as bills of particulars had previously stood.   That is to say that the statement, which under section 4 of chapter 66 of Acts of 1877 *must* be filed by the defendant with his plea, can in no case be adjudged insufficient by the court, whether it presented a ground of defense or not, or whether or not it was too vague or indefinite to notify the plaintiff in effect of the nature of the defense intended to be set up against him. But if it was insufficient because it presented no ground of defense, or because it was too vague or indefinite to notify the plaintiff of the defense intended to be set up against him, the court on the trial of the case might declare it insufficient, and on motion of the plaintiff might exclude all evidence offered to sustain any fact alleged in such statement, which would constitute no defense or which was so vague as not to

notify the plaintiff in effect of the nature of the defense intended to be set up against him.

But if under section 3 of chapter 66, Acts of 1877, the court or judge ordered the defendant, in its discretion, to file with his plea a more particular statement in any respect of the nature of his defense, or of the facts expected to be proved at the trial, then if such statement was too vague to notify the plaintiff in effect of the nature of the defense intended to be set up against him the court might, if the plaintiff by motion asked it, adjudge such statement insufficient in whole or in part and enter said adjudication of record, and thereupon as justice may require, it should grant further time for filing a sufficient statement or permit the statement, which had been filed to be amended; but in no case should it refuse to permit the statement offered by the defendant to be filed. If the statement is adjudged insufficient because of its vagueness, or if it be in point of fact insufficient on account of its vagueness, and no entry be made adjudging whether it be insufficient or not, at the trial the court may exclude on the plaintiff's motion evidence offered by the defendant in default as to any matter which he has after such order failed to state, or which he has so insufficiently stated as not to notify the plaintiff in effect of the nature of the defense intended to be set up against him; and also any matter whether stated in such statement or not, as constitutes in law no defense.

The same rules must be applied to the plaintiff. If he files with joinder in issue under the fifth section, where he intends to rely upon any matter in waiver, estoppel or in confession and avoidance of any matter, which may have been stated by the defendant as aforesaid, a statement in writing, which he must do, specifying in general terms the matter, on which he intends to rely, the court cannot refuse to permit such statement to be filed or adjudge it at the time it is offered to be insufficient on any account; but if it be insufficient, because the matter relied on is not good in law as a rejoinder to the defense, or because it is insufficient because of its vagueness to notify the defendant in effect of the nature of the plaintiff's claim or rejoinder intended to be set up against the defendant, the court on the

trial and on the motion of the defendant should exclude the evidence if offered by the plaintiff in defense as to any matter, which he has so failed to state, or which he has insufficiently stated, or which though stated constituted in law no rejoinder or answer to the defense.

But if the plaintiff does not file the statement under the fifth section but files it under the third section, because ordered by the court so to do, then if called upon to do so by the defendant, the court may enter of record, that this statement is insufficient, provided it does not notify in effect the defendant of the nature of the claim or rejoinder of the plaintiff intended to be set up against the defendant; but the court can not enter of record, that such statement of the plaintiff is insufficient because, in its judgment, it does not as a matter of law set up a good claim against the defendant, or does not set up a good rejoinder against his defense. But the court may on the trial of the case, on the motion of the defendant, reject such of the plaintiff's evidence as is offered to prove any matter, which he has failed to state, when required, in his statement, or which he has so insufficiently stated, or which though stated constitutes no evidence of a claim on his part, or no rejoinder to the defendant's defense. Or if the evidence has gone before the jury, whether for the plaintiff or defendant, the court may instruct the jury as to the effect of the proof of such facts upon the rights of the opposite party.

It is true, that the 6th section of chapter 66 of Acts of 1877 is somewhat obscurely worded; but in view of what was the previous law in reference to bills of particulars, whether filed by the plaintiff or defendant, and whether under the requirement of the law or under the order of the court, we think we have given the fair construction to the section. It is said, that by thus leaving everything to be determined by the court as to the law of the case at the trial of the case, and by dispensing with everything like definite pleadings, this act will practically render the actions on policies of insurance more difficult than they were before the passage of this act. This may be so. The Legislature however seems to have thought differently; whether wisely or not, time alone can determine.

If on the other hand these statements, as they are called in

this act should, contrary to the very meaning of the term, be regarded as pleadings, and have the rules of pleading applied to them, it seems to me to be very obvious, that the Legislature would by this act have increased the difficulties of trying actions on policies of insurance. For the difficulty in such cases was not the formal averments made in the pleadings, but was that of determining what averments were required to be made in the declaration, plea and rejoinder; and this difficulty is in no manner diminished by requiring these averments, instead of being made on the face of these pleadings, to be made in these statements filed with the pleadings, if when so made they are to be regarded just as if they had been made formally in the body of the pleading, and are as subject to demurrer when in these statements as they were when in the pleadings. The difficulty of deciding on these pleadings instead of being diminished by this new mode of pleading would only be increased; as it would often become almost impossible for the court in the informal manner, in which the facts are set out in these statements, to determine whether they constituted a good defense or rejoinder or not. This can be much more safely done, if formal pleadings are dispensed with, at the trial, when all the facts are developed; and these statements will, it is supposed, suffice to prevent surprise, which is, I think, all that they were intended to effect.

In this case the policy was not under the seal of the company but was signed by two directors and a manager in New York, and the form of the action was properly *assumpsit.*

According to the views, which we have expressed, the court below erred in refusing to allow that portion of the statement marked I. and II, which accompanied plea No. 3, and each sub-division thereof to be filed. It also erred in refusing to allow that portion of the statement, marked I. and II., which accompanied plea No. 4, and each sub-division thereof to be filed; and also in refusing to allow that portion of the statement marked II., which accompanied plea No. 5, and each sub-division thereof to be filed. All these statements were such as the 4th section of chapter 66 required the defendant to file, and none of them were statements, which under the 3d section of the said act were filed by order of the court;

and therefore the court had no right to refuse to permit the whole or any part of them to be filed, whether they set up an insufficient defense or not, or whether or not they were too vague to notify the plaintiff in effect of the nature of the defense intended to be set up against him.    In either of these cases it was the right of the plaintiff on the trial to move to exclude the evidence offered by the defendant to sustain the averments of facts contained in these statements filed with his pleas; or if the evidence had been received, the plaintiff could have asked the court to instruct the jury, that the facts constituted no defense.    But it had no right to ask the judgment of the court on these questions till the trial of the case before the jury.    The court could not advisedly or legally determine these questions, when these statements were filed, but could do so only at the trial.    In like manner and for a like reason the court below erred in sustaining the defendant's objections to the plaintiff's statement in his reply marked No. 1, so far as said objections relate to the sub-divisions of said statement marked respectively V., VI., VII. and VIII., and in requiring them to be stricken out.    The matter thus determined by the court could only have been properly determined at the trial and in the manner above indicated.

The plaintiff by a blunder stated in his declaration, that the policy sued on issued on March 8, 1881, while the policy itself filed with the declaration as a part thereof on its face shows, that it was issued on March 8, 1880.    It is unnecessary to decide whether this was a fatal blunder after the verdict, as the verdict and judgment for the errors, which we have pointed out, must be set aside and a new trial awarded, and leave must be given the plaintiff to amend his declaration, which he can do by inserting the correct date of the policy.

It is insisted by the counsel for the plaintiff below, the defendant in error, that plea No. 5 and the accompanying statement are not parts of the record in this case, because having been rejected they could only be preserved in the records by being incorporated in a bill of exceptions.    On the other hand it is insisted, that they are by reference sufficiently incorporated in bill of exceptions No. 3.    We need

not determine this question as the judgment, which we would render, could not be affected by its determination, because there are, as we have seen, sufficient errors to reverse this case, whether this plea and statement are regarded as a part of the record or not. In stating the case we have treated them as a part of the record. This question cannot again arise; and it is useless to consider or determine it, as it will be by our decision in effect no longer a question in the case.

As we have held, that the circuit court improperly acted upon and decided what would constitute a good defense in this action, and what would not, when these various statements were filed, we of course cannot properly consider these questions, which have been argued before us on the pleadings in this case; they can only be properly decided on the trial, and we can neither wisely nor properly determine them in this stage of the case. It is most probable, that a large majority of them will never come before the circuit court to be decided. This of itself is a strong reason, why the court should not be called upon to decide these questions, when the statements are filed; as very many of them may turn out to be mere abstract questions. Instead of filing several different pleas "that the defendant for plea in this behalf says it is not liable to the plaintiff as in the plaintiff's declaration is alleged and this he is ready to verify," but one such plea should have been filed, and all the various statements should have been filed with it; and so there should have been one reply and one statement accompanying such reply.

For the reasons we have stated the judgment of the circuit court of Kanawha county rendered on April 9, 1881, must be set aside, reversed and annulled; and the plaintiff in error, Queen Insurance Company, must recover of the defendant in error J. R. Cappellar, its costs in this Court expended; and this Court proceeding to render such judgment, as the circuit court of Kanawha county should have rendered, doth set aside the verdict of the jury rendered in this action, and doth award a new trial, the cost of the former trial to abide the result of the suit; and this case is remanded to the circuit court of Kanawha county with directions to permit the

plaintiff to amend his declaration, and to permit the defendant to withdraw any of his pleas and to file a new plea or pleas, and with further instructions to proceed with this case on the principles laid down in this opinion, and further according to law.

JUDGES JOHNSON AND SNYDER CONCURRED.

JUDGMENT REVERSED.     CASE REMANDED.