English, J udge :
Leon Rheims obtained a policy of insurance from the Standard Fire Insurance Company of Wheeling for one thousand dollars on certain mierchandise contained in brick building and on sidewalks adjoining, situate Xos. 5, 7 arid 9 Union Square, FTew York, through- to -and- fronting-on Fifteenth street, from the 11th day of January, 1892, at 12 o’clock, noon, to the 11th day of January, 1893, at 12 o’clock noon, subject to the conditions and stipulations of said policy. On or about the 21st day of January, 1892, said merchandise was lost by fire in the city of Flew York, and on the -10th day of June, 1892, the said León Rheims brought an action of trespass on the case in assumpsit *675 against said insurance company to recover the amount of said policy. The declaration, is in the short form prescribed by section 61, c. 125, Code, and a copy of the policy was filed with the declaration. One of the conditions of the policy was, that proof of loss - should be furnished within thirty days, after the fire occurred, and that payment of the policy should be made sixty days after compliance by the assured, with the conditions of the policy, and that no suit should be brought for the same, until the assured had complied with the requirements of the policy. In addition to the statutory plea said insurance company stated by way of defence .the failure, on the part of.the plaintiff to comply .with .certain requirements of said insurance, policy, as follows :
“In the Circuit Court of Ohio County, W. Va.
“Leon Rheims v. Standard Ins. Co. of Wheeling, W. Va.
“The defence in the above case being with other things, that the action can not be maintained because of the failure to perform and comply with and the violation of certain clauses, conditions and warranties in the policy sued on, the defendant here specifies, as the particular clauses, conditions and warranties, in respect to which such failure or' violation is claimed to have occurred, .the following •' ‘ Third. This entire policy shall become void in .each of the following instances, viz: * * * If, any. usage of trade or manufacture • to -.the contrary notwithstanding, there be kept, used,, or allowed on the above-described premises *■ .* -* rubber cement.’ -Defendant states that rubber cement, was kept, used and allowed on the premises in'-the policy described.’ ‘Eighth. Proceedings in case of loss : *. * .*..-Aud within thirty days after thefiretheassuredsha.il render a. particular and detailed statement of the. loss and claim in whiting, signed and sworn ‘to by the assured, setting forth : (1) A copy of the written portions of this policy, with the indorsements thereon; (2) copies of the written portions of all other policies, whether valid or.uot, attaching in whole or in part to the property insured hereunder, and of all indorse-ments thereou; (8) the cash value at the time of the fire of each item of the property, and the amount of loss *676 claimed thereon ; (4) a full and specific account of the nature of assured’s interest in and title to the property, and that of all others interested therein; (5) all incumbrances or liens upon the property, or any part thereof; (6) the time, origin, and circumstances of the fire; (7) any change in the title, use, occupancy, location, possession, or exposure of said property since the policy was issued ; (8) by whom and for what purpose any parts thereof were occupied at the time of the fire; (9) the amount claimed of this company. And shall also furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the assured, nor a sufferer by the fire) living nearest the place of the fire, stating that he has examined the circumstances, and believes the assured has honestly sustained loss to amount claimed. * * * Ninth. No suit or action against the company for the recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements.’
“W. P. Hubbard, Attorney for Defendants.”
“State of West Virginia, Ohio Go., to wit:
“Personally appeared before me, John W. Mitchell, clerk of the Circuit Court of said county, in my office, E. B. Bowie, who, being duly sworn says on his oath, that he is secretary of the defendant, the Standard Eire Ins. Co. of Wheeling, and that he believes that the matter of defence above stated by the said company will be supported by evidence at the trial of the above-entitled action.
“E. B. Bowie.
“Taken, sworn to,and subscribed by the said E. B. Bowie before me in my said office this 13th day of Sept., 1892. •
“John W. Mitchell, Clerk of the Circuit Court.”
On the 8th day of October, 1892, on motion of the plaintiff', the defendant was required to file an additional statement, which was done, as follows:
“Leon Rheims vs. Standard Fire Insurance Company. In Assumpsit. The defendant, to comply- with the order of the court made herein on the 8th day of October, 1892, says that it expects to prove at the trial of this action that *677 tbe assured did not within thirty days after the fire render any statement in writing of its loss and claim, signed and sworn to by the assured. The assured never furnished a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the assured, nor a sufferer by the fire) living nearest the place of the fire, stating that he had examined the circumstances, and believed that the assured had honestly sustained loss to the amount claimed.”
This additional statement' was sworn to by E. B. Bowie, secretary of said company ; and on the 21st day of November, 1892, the plaintiff' tendered a demurrer to the plea of defendant with the original statement of defence, and said additional statement filed in aid of said plea and also a demurrer to said' statements and each of them, on the ground that they did not nor did either of them set forth any defence sufficient in law to said action ; and on the 28th day of January, 1893, the defendant having joined in said demurrer, the same were overruled as to the defendant’s plea with so much of the statement filed by defendant in aid of it, as relates to the proof of loss not being furnished within thirty days after the fire; and also overruled the demurrer of the plaintiff to the defendant’s plea, with so much of the statements filed by the defendant in aid of it as relates to a certificate of a magistrate or notary public not being filed; and also overruled the demurrer of the plaintiffs to the defendant’s plea, with so much of the statements filed by the defendant in aid of it, as relates to the rubber cement being kept, used and allowed.
The plaintiff thereupon filed the following statement:
“Leon Rheims v. The Standard Fire Ins. Co. of Wheeling. In Assumpsit.
“The plaintiff, Leon Rheims, files the following statement in writing of matters upon which he intends to rely in waiver, estoppel, and in confession and avoidance of the matters as to furnishing proofs of loss, and the certificate of a magistrate or notary public, stated by the defendant in its statements heretofore filed; that is to say: (1) That the policy sued upon does not expressly make the failure to furnish the defendant the proofs of loss within thirty days after the *678 fire a cause of forfeiture of the policy and of the claim of the plaintiff. (2) That the policy sued upon does not expressly make the failure to furnish the defendant the certificate of the.magistrate or notary public a cause of forfeiture of the policy and of the claim of the plaintiff. (3) That it was provided in the policy sued upou as follows : ‘It is hereby understood and agreed that, in case of loss or damage by fire to the property covered 'by this policy, this company agrees to abide by the adjustment made and accepted by the-companies interested belonging to the Row York Board of Tire Underwritersthat the companies interested belonging to the Hew York Board of Fire Underwriters began such adjustment at once after the fire took place, on the 21st day of January, 1892, and such adjustment was proceeded with with all reasonable diligence until completed, but was not completed within thirty days after the fire; that as soon as it was completed it was accepted by companies interested belonging to the Hew York Board of Tire Underwriters; proofs of loss were prepared in accordance with said adjustment, and mailed from Jersey City, H. J., to the. defendant, to wit, on the 9th day of March, A. I). 1892, and received within three days by the defendant by mail in due course, at Wheeling, West Va., to wit, on the 12th day of March, A. D. 1892. (a) That it was impossible to furnish the defendant with proofs of loss, as per that adjustment, until it was completed as aforesaid, and that such proofs of loss were furnished to the defendant as aforesaid as soon as the said adjustment was made, completed, and accepted as above set forth, (b) That the agreement in the policy to abide by the adjustment so made and accepted was a waiver of the furnishing of proofs or loss by the plaintiff to the defendant, (c) That no objections to the proofs of loss have ever been made by the defendant to the plaintiff, and defendant has retained said proofs of loss ever since they were received by it as aforesaid. (d) That the said adjustment could not be and was not completed with reasonable diligence, and accepted by the companies interested belonging to the Hew York Board of Tire Underwriters, within thirty days after the fire, and that the agreement in the policy sued on, that the *679 defendant would abide by the adjustment so made and accepted, was a waiver, under the circumstances, of the provision that the proofs of loss should be furnished to the defendant within thirty days after the fire. (4) That the plaintiff" did not unreasonably delay furnishing snch proofs of loss, but furnished them to the defendant as aforesaid, and that the defendant has in no way been prejudiced by the delay of furnishing the same after the said thirty days as aforesaid. (5) That the agreement of the defendant in the policy sued on, to abide by the adjustment made and accepted by the companies interested, belonging to the New York Board of Fire Underwriters, was a waiver by the defendant of the furnishing of the said certificate of a magistrate ora notary public. (6) That the plaintiff, by his agent, on or about March 9, 1892, notified the defendant as follows : ‘The settlement papers are on file with the Home Insurance Company of New York, and if you desire any further information will you kindly address them, or if you will advise us we will obtain it for you.’ (e) No such request was afterwards made, nor has any such request *t>r notice or information at any time since said fire been given by the defendant to the plaintiff that such certificate was required, or that the proofs of loss were imperfect, defective, or deficient because snch a certificate was not furnished or included in them; and, as to all other allegations contained in the statements heretofore filed by the defendant, the plaintiff denies them to be true.
“Leon Rheims.”
This statement was also verified by affidavit.
To this statement the defendant demurred, which demurrer was sustained as to portions of said statement, and overruled as to the residue ; the court holding that the policy did not expressly make the failure to furnish the proofs of loss within thirty days or to furnish the certificate of the magistrate a cause of forfeiture of 'the policy, and that by the policy the defendant agreed to abide by the adjustment of companies interested belonging to the New York Board of Fire Underwriters; that such companies began an adjustment at once after the fire, and proceeded with diligence, but did not complete it within thirty days; that *680 when completed it was accepted by the companies belonging to that board, and proofs of loss were prepared and mailed March 9th; that plaintiff did not unreasonably delay furnishing .said proofs, and the defendant had not been prejudiced by the fact that they were furnished after thirty days.
The plaintiff tendered an amended statement, which was objected to by the defendant, and the objection sustained by the court, and by consent said amended statement was made a part of the record, to be considered as if incorporated in a bill of exceptions, which amended statement detailed additional circumstances connected with the transaction accounting for the delay in furnishing proofs of loss, and assigned additional facts in support of his original statement, which on account of its length is not here inserted.
On the 19th day of December, 1893, the case was submitted to a jury, who found a verdict for the defendant, the plaintiff’s evidence having been excluded from the jury. The plaiutiff' moved to set aside the verdict, and award him a new trial, and on the 24th' day of March, 1894, this motion was sustained, and the defendant excepted, and applied for and obtained this writ of error.
The first question t.o which our attention is directed by the petition of the plaintiff in error is : Are the statements provided for by sections 62, 63, and 65 of chapter 125, pleadings or mere notices? blow, the nature and object of these statements are clearly indicated by the statute itself. Section 62 provides that, “ if good cause therefor be shown or appear, the court or judge in vacation may order the plaintiff to file a more particular statement in any respect of the nature of his claim, or the facts expected to be proved at the trial and may stay the action until a reasonable time after such order is complied with,” etc.; and the sixty-third section provides that “in like manner if good cause therefor appear, and there be no unreasonable delay on the part of the plaintiff in applying' for such order, the court or judge in vacation may order the defendant to file a more particular statement in any respect of the nature of his defence or the facts expected to be proved at the *681 trial,” etc., both of which statements are required to be verified by affidavit that the same will be supported by evidence at the trial.
Section 64 gives the form of the plea, and further provides that “if in any action on a policy of insurance the defence be that the action can not be maintained because of the failure to perform or comply with or violation of any clause, condition or warranty in, upon or annexed to the policy or contained in or upon any paper which is made by referente a part of the policy the defendant must file a statement in writing’, specifying by reference thereto or otherwise the particular clause, condition or warranty in respect to which-such failure or violation is claimed to have occurred, which statement is required to be verified,” etc.
Section 65 provides that upon the plea mentioned in section 64 the plaintiff may join issue without other pleading. But, if the plaintiff" intends to rely upon any matter in waiver, estoppel, or in confession and avoidance of any matter which may have been stated by the defendant as aforesaid, the plaintiff must file a statement in writing, specifying in general terms the matter on which he intends to rely, and such statement must be verified, etc.; and the affidavit must state that he believes that the matter of reply therein stated will be supported by evidence at the trial.
Section 66 provides that “if either party to such action fail to file any statement required of him by the four preceding sections of said chapter or by the other party pursuant to any of the provisions of the said sections or if the statements be adjudged insufficient in whole or in part, the court as justice may require may grant further time for filing the same, or permit the statémont filed to bo amended, or may at the trial exclude the evidence offered by the party in default as to any lhatter which he has so failed to state or has insufficiently stated. But no statement which in the particulars required by or under the said sections to be stated or referred to therein is sufficient to notify the adverse party in effect of the nature of the claim or defence intended to be set up against him shall be adjudged insufficient.”
It is appai’ent, from the language of the statute, that *682 these statements were authorized and intended to be in aid of the pleadings. A short form for a declaration upon an insurance policy is prescribed in section 61, which is a departure from the common-law pleading in declaring upon insurance policies, having for its object brevity and simplification, and, iustead of effecting that object, it necessitates the enactment of the following sections, which allow the court or judge in vacation, for good cause, to inquire additional statements as to the notice, nature of the plaintiff’s claim, or the nature of the facts expected to be proved; and for like cause the court or judge in vacation may order the defendant to file a more particular statement of the nature of his defence or of the facts expected to be proved; and, if the plaintiff' intends to rely upon any matter in waiver, estoppel or in confession or avoidance of any matter, which may have been stated by the defendant as aforesaid, the plaintiff must file a statement in writing specifying in general terms the matter, on which he intends to rely; and this is required although he may have joined issue on the plea prescribed in the sixty fourth section, “that he is not'liable to the plaintiff as in said declaration is alleged.”
These statements must, then, be considered as in aid of the pleadings, and the fact, that section 65 provides that, if the plaintiff intends to rely upon any matter in waiver, estoppel, or in confession and avoidance of any matter which may have been stated by the defendant as aforesaid, he must file a statement in writing, specifying in general terms the matter on which he intends to rely, clearly indicates that these statements must be regarded as informal pleadings; and that the object is to avoid technicality is clearly apparent from the language of the last clause of section 66, which provides that “no statement which in the particulars required by or under the said sections to be stated or referred to therein, is sufficient to notify the adverse party in effect of the nature of the claim or defence intended to be set up against him, shall be adjudged insufficient.”
The next question for consideration is whether under the provisions of -the policy sued on it is essential to-the plaintiff’s right of recovery, that he render proofs of loss with *683 in thirty days after the fire. It is true that one of the conditions of the policy sued upon is that within- thirty days after the fire the assured shall render a particular and detailed statement of the loss aud claim in writing, signed and sworn to by the assured, setting forth certain matters therein stated, and, among other things, the amount claimed of the company; and shall also furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor nor related to the assured nor a sufferer by the fire) living nearest the place of the fire, stating, that he has examined the circumstances aud believes the assured has honestly sustained loss to the amount claimed; and another condition of said policy provided that “no suit or action against said company, fo.r the recovery of any claim by virtue of said policy, should be sustainable in any court of law or equity, until after full compliance by the assured with all the foregoing requirements, nor unless such suit or action shall be commenced within six months next after the date of the fire,” etc.
Was the fact, that the proofs of loss were not furnished by the plaintiff within thirty days after the fire occurred a bar to the recovery in this case, and was the want of the certificate of the nearest magistrate waived or cured by the action of the defendant in receiving aud retaining the proofs of loss without calling the attention of the plaintiff to the defect; and was it a waiver of its right to object to said proof of loss on that ground ? These were questions before the supreme court of Wisconsin in the case of Vangindertaelen v. Insurance Co., 82 Wis. 112 (51 N. W. Rep. 1122). In that case the policy provided that notice of the loss should be given within six days, and that proofs of loss should be furnished within thirty days thereafter, and that the loss should be paid sixty days after the proofs were received at the company’s office. It -was held, that in the absence of a provision to that effect a failure to furnish the proofs of loss within the time prescribed did not operate as a forfeiture of the policy but merely postponed the maturity of the claim ; and that the reception and retention of the proofs of loss by the company without objection was a waiver of defects therein. The court in its opinion in that case, among other things, says :
*684 “The policy required the plaintiff to render particular verified proofs of loss within thirty days after such notice of loss — that is to say, within thirty six days after the fire— but the policy nowhere makes the failure to render such proofs within the time named operate as a forfeiture of the policy. To prevent such forfeitures, courts are bound to construe such contracts as strongly against the insurer, and as favorably for the insured, as their terms will reasonably permit”; citing Kircher v. Insurance Co., 74 Wis. 473, (43 N. W. 487): “The most that the policy did do in the regard mentioned was to provide that the loss should not be payable until sixty days after such proofs had been received at the Chicago office of the defendant. The delay in furnishing the proofs at that office until December 11,1890, therefore, merely operated to postpone the maturity of the claim until sixty days thereafter.”
A clause in a policy of insurance identical with the one under consideration was coustrued by the supreme court of Michigan in the case of Steele v. Insurance Co., 93 Mich. 81 (53 N. W. Rep. 514) in which case it was held that time is not of the essence of the provision of the Michigan standard fire insurance policy, requiring proofs of loss to be rendered within sixty days after the fire ; and the further provision, that no suit can be brought on the policy “until after full compliance by the insured of all the foregoingrequirements, nor unless commenced within twelve months after the fire,” refers to the requirements as to notice, proofs and adjustment of the loss, and its intent is to provide that no suit can be maintained,- unless commenced within one year after the fire, and in no event until after compliance with such requirements (under the policy, we are considering, within six months).
Again, in the case of Tubbs v. Insurance Co., 84 Mich. 647 (48 N. W. Rep. 296) it was held that “failure to make proofs of loss within thirty days, as provided for in an insurance policy, will only operate to postpone the right of action of the assured until the proofs are supplied, where there is no limitation in the policy as to the time within which suit must be brought, nor provision for forfeiture in case proofs are not made within the thirty days.”
*685 So, also, in the case of Association v. Evans, 102 Pa. St. 281, it was held that “provisions in a policy of insurance prescribing a limit of tinie within which notice of loss is to be given etc., will not be construed as causes of forfeiture, where not so expressly stipulated in the policy”; and that “where a policy provided that notice of loss should be given within twenty four hours after it occurred, but provided no penalty or forfeiture for failure to give such notice, held, that the insured might recover if he gave notice of loss within a reasonable time after he knew it.”
. In the ease of McMaster v. Insurance Co., 55 R. Y. 222, the court held, as we think rightly, that “proofs of loss are no part of a contract of fire insurance, nor do they create the liability to pay a loss; they serve to fix the time when it becomes payable, and when an action may be commenced to enforce a liability”; that, “for the purpose of upholding a contract of insurance, its provisions will be construed strictly against an underwriter.” .
The Supreme Court of Illinois, in the ease of Insurance Co. v. Scammon, 100 Ill. 645, held that a clause in a policy of insurance, that “in case of loss the insured shall give immediate notice thereof in' writing, and shall render to the company a particular account of said loss in writing, under oath, etc., where it is further provided that until such proofs and certificates are produced, and examination and appraisal permitted,“the loss shall not be deemed proved or payable, does not require that the proof of the loss shall be furnished immediately, as in the ease of notice of loss. But the loss not being payable until' sixty days after furnishing proof thereof, and the insured being limited by the terms of the policy to one year after loss in which to sue, the insured is required'to furnish the proofs within ten months from the loss.”
So, also, in the case of Insurance Co. v. Mattingly, 77 Tex. 162 (13 S. W. Rep. 1016) it was held that proof of loss by the insured is only serviceable as a basis for an amicable adjustment ; such proof is useless when the insurer denies all liability under the policy. Proof of loss was furnished the insurer. An officer of the insurance company replied that it was unsatisfactory, and denied liability upon the policy. *686 Held, whether the letter denying liability was a waiver of further proof of loss was a matter of law, and not of fact, and that a refusal to pay was a waiver of further proof of loss by the insurance company.
In the case of Insurance Co. v. Sheets, 26 Gratt. 854, it was held that, if the evidence shows that the preliminary proofs required by a policy of insurance have been waived by the company, the insured is entitled to recover, though no such proofs were in fact taken. This we regard as a correct statement of the law.
The court of appeals of Kentucky held, in the case of Insurance Co. v. Downs, 90 Ky. 236 (13 S. W. Rep. 882) that “where a policy of tire insurance prescribes the various acts or causes which shall work a forfeiture of the policy, and omits to provide that the failure to furnish proofs of loss within the time required by the policy shall operate as a forfeiture, and provides that no suit can be maintained on the policy unless brought within six months after the fire, with a proviso that no action shall be commenced until the conditions of the contract have been complied with, the failure to furnish proofs of loss within thirty days, the time fixed by the policy, does not prevent a recovery. It is suf-ficent if proofs of loss are furnished before suit is brought.” See, also, Insurance Co. v. Meyer, 39 N. J. Law 482, where it is held that “delay in objecting to formal defects in the preliminary proofs, under the conditions of a policy of insurance, which might be obviated in time to preserve the right of action if made promptly, is evidence of a waiver of such defects.”
Upon the question of waiver, Wood on Fire Insurance, at page 832, § 496, says : “When the insurer, knowing .the facts, does that which is inconsistent with its intention to-insist upon a_strict compliance with the conditions precedent of the contract, it is treated as having waived their performance, and the assured may recover without proving performance. * * * So, too, the production of proofs of loss, or defects therein may be waived, and such waiver may be implied from what is said or done by the insurer,” —citing Insurance Co. v. Dunmore, 75 Ill. 14, in - which the court held that where formal proofs of loss are made and *687 tendered to the agent of the company insuring, and refused on the alleged ground that the company is not liable for the loss, this will estop the company from making any formal objections to the proofs when sued on its policy for the loss.” Also Patterson v. Insurance Co., 64 Me. 500, where it was held that “failure to notify the assured that the proofs of loss furnished by him to the company are insufficient will he deemed a waiver of defects, and the objection can not be made at the trial.”
The foregoing. authorities and the weight of others we have had an opportunity of examining have a stong tendency to show that the condition in a policy requiring proofs of loss to be furnished in a specified time is to be construed liberally, and the insurer can not defeat the policy on that ground, where strict compliance has been excused or waived by the acts or conduct of the agents of the insurance company. The courts should not, on slight technical grounds,- allow an insurance company to avoid its policy ; for while it is true that such companies, so long as they comply in good faith with their engagements, give confidence to those having capital to invest, and are of great assistance in promoting the advancement of commerce, yet all must agree that a loss of confidence in these institutions should be regarded as a public calamity.
blow, when we apply the principles asserted in the foregoing authorities to the circumstances disclosed in this case, we find that the policy on'its face contained the following stipulation : “It is hereby understood and agreed that, in case of loss or damage by fire to the property covered by this policy, this company agrees to abide b y the adjustment made and accepted by the companies interested belonging to the Hew York Board of Tire Underwriters’;! ; that an adjustment was made, requiring considerable delay, which was satisfactory to said companies, and of them all, in pursuance of said adjustment, as appears-by the testimony of W. K. Underhill, the defendant alone refused to ,pay. The-defendant had prompt notice of the loss, and in the same letter the defendant was informed that the loss was being adjusted with the Hew York companies interested, and as soon as the adjustment was m'ade *688 proofs of the loss would be forwarded. To this letter no reply was received. When the proofs of loss were sent to defendant, on the 9th day of March, defendant was notified that the settlement papers were filed with the Home Insurance Company of Hew York, and an offer was made to furnish any desired information. On May 18th the plaintiff's agent wrote to defendant, expressing surprise that the draft for the amount of the policy was returned not paid. On May 21st defendant, through its agent, telegraphed to plaintiff’s agents at Hew York, “Finance committee will act on it next week.” After several letters had been sent to the defendant, and ineffectual efforts made to get a response, on the 1st day of June, 1892, plaintiff-drew on the defendant at Wheeling a sight draft for one thous- and dollars, which was duly presented, but defendant paid no attention to same, except to say to the bank messenger, “Hot correct.” This was long after the proofs of loss had been received by the defendant without a word of objection, and without designating a single defect therein. The object of the proof of loss ordinarily is to enable the defendant to make a proper adjustment of the loss. In this instance, however, it had agreed to abide by the adjustment of said Hew York companies, and the proof of loss, however formal in all respects, could have been of no service to the defendant, when the further fact is considered that the proofs of loss were received by the defendant without exception, and when, long after they were so received, and the defendant was urged to pay the amount of the policy as the other companies interested had done, without even then raising any objection to the proofs of loss tendered, it simply informed the plaintiff “that the finance committee would act on it next week,” and refused subsequently to pay the plaintiff’s draft for the amount, merely answering “Hot correct.”
These facts were set up by the plaintiff in his additional statements, but the defendant demurred to them, and the demurrer was sustained. Ry sustaining the demurrer to these statements, the Circuit Court precluded the plaintiff from introducing his testimony tending to show a waiver on the part of the defendant of a strict compliance on the *689 part of the plaintiff with the conditions of said policy as to furnishing proofs of loss, either as to the time or manner in which they were furnished, or the conduct of the defendant after they were received; and my conclusion is that the court committed no error in setting the verdict of the jury aside, and awarding the plaintiff a new trial.
*672 CHARLESTON.
Rheims v. Standard Fire Ins. Co., of Wheeling.
Submitted September 12, 1894.
Decided December 15, 1894.
1. Insurance — Assumpsit—Pleading.
In an action of assumpsit against an insurance company to recover the amount of a policy, where the declaration is drawn in accordance with the form prescribed in section 61, c. 125, Code, and additional statements are filed, as required by sections 62, 63 and 65 of said chapter, such statements so filed must be regarded as informal pleadings.
2. Insurance — Conditions— Forfeiture — Waiver.
Provisions in a policy of insurance prescribing a limit of time, within which notice of loss is to be given, will not be construed as causes of forfeiture, where not so expressly stipulated in the policy ; and where it is provided that no suit or action against the company for the recovery of any claim by virtue of the policy shall be sustainable until after full compliance by the assured with all the foregoing requirements, nor unless suit or action be commenced within six months after the date of the fire, proofs of loss may be furnished in a reasonable time after the fire and, if accepted and retained by the insurer without objection, all objection to the form of the proofs and the time, in which they are presented, will be considered as waived.
3. Insurance.
Proofs of loss are no part of a contract of fire insurance, nor do they create.the liability to pay a loss; they serve to fix the time, when it becomes payable, and when an action may be commenced to enforce a liability.
4. Insurance — Waiver.
If the evidence shows, that the preliminary proofs required by a policy of insurance have been waived by the company, the insured is entitled to recover, though no such proofs were in fact furnished,
5. Insurance — New Trial. .
*689 It is also assigned as error, and contended in argument that the court had no right at a subsequent term to set aside its order sustaining a demurrer. This order, however, was not a demurrer to. the entire declaration, which, if sustained, might determine the plaintiff’s right to recover. It was a demurrer to a statement in aid of the declaration, and the ruling upon it could only be regarded as an interlocutory order, and Black on Judgments (volume 2, § 509) says : “It is well settled that the doctrine of res judicata applies only to final judgments, not to interlocutory judgments or orders, which the court which rendered them has power to vacate or modify at any time” — citing Webb v. Buckelew, 82 N. Y. 555, which announces the same doctrine.
In view of these authorities, my conclusion is that the court committed no error in setting aside said order, and for these reasons the judgment of the Circuit Court must be affirmed, with costs and damages, and the case is remanded for further proceedings to be had therein.