## CHARLESTON.

SEYLER *v.* BRITISH AMERICA ASSURANCE CO.

Submitted March 28, 1911.    Decided February 25, 1913.

1.  INSURANCE—*Actions on Policies—Pleading.*

 Special pleas or statements, tendered in an action on an in-
 surance policy, under sections 64 and 65 of chapter 125 of the
 Code (1906,) are not subject to rejection for insufficiency like
 ordinary pleas. They are in the nature of bills of particulars,
 and, if too general or otherwise insufficient, they constitute sub-
 ject matter for demands for more particular statements; and, on
 the trial, insufficient defenses or replications set up by them
 are excluded by instructions of the court. (p. 122).

2.  SAME—*Waiver of Right to Forfeiture—Evidence.*

 Delay on the part of an insurance company in acknowledging
 the receipt of a proof of loss or rejecting it on account of defects
 therein is not evidence of denial or liability on the policy on
 grounds other than non-compliance with the proof of loss clause
 nor of waiver of a limitation of the policy in favor of the
 company, forbidding an action on the policy within 60 days
 after compliance with all of its conditions. (p. 123).

Error to Circuit Court, Cabell County.

Action by Adam Seyler against the British America Assur-
ance Company. Judgment for plaintiff, and defendant brings
error.

*Judgment reversed; action dismissed without prejudice.*

*Geo. S. Wallace,* for plaintiff in error.

*Frank W. Stephens,* for defendant in error.

POFFENBARGER, PRESIDENT:

Adam Seyler recovered a judgment for the sum of $800.00,
against the British America Assurance Company, in the cir-
cuit court of Cabell county, in an action on a fire insurance pol-
icy. The defense was non-compliance with the requirements of
the policy, respecting notice and the furnishing of proofs of loss.

Certain special pleas assert that the policy required a state-
ment or proof of loss to be rendered within 60 days after the
fire, unless the time should be extended in writing by the com-

pany, and immediate notice in writing of the loss, and provided that the loss should not become payable until 60 days after the notice, ascertainment, estimates, and satisfactory proof of loss; and also that no suit or motion on the policy for the recovery of any claim should be sustainable in any court of law or equity until after full compliance by the insured with all of its requirements. Said pleas set up non-compliance with these conditions and claimed that, by reason thereof, all liability on the policy had ceased and it had become void, and also with another, requiring immediate notice of the loss to be given in writing. The defendant also asserted, as ground of forfeiture, under another provision of the policy, inhibiting any change in the interest, title or possession of the insured, without permission endorsed on the policy, the execution of a deed of trust on the property after the date thereof. Plaintiff's objections to the filing of these special pleas, on the ground of insufficiency, were overruled and thereupon he filed special replications thereto, claiming substantial compliance on his part with the conditions aforesaid and waiver of compliance therewith on the part of the defendant, and stating certain facts as constituting such substantial compliance, on the one hand, and waiver on the other. Objections to these special replications having been overruled, the case was submitted to a jury, and there was a verdict for the full amount of the policy.

The plea, attempting to assert a forfeiture, on the ground of a change of the title or interest of the insured, by reason of the execution of the deed of trust, constituted no defense. According to the great weight of authority, the execution of a deed of trust or mortgage on the property does not constitute either a change of title or change of interest within the meaning of the clause relied upon. Cooley's Briefs, Law of Ins., Vol. II., pp. 1738-9; *Nease* v. *Insurance Co.,* 32 W. Va. 283; *Quarrier* v. *Insurance Co.,* 10 W. Va. 507; *Judge* v. *Insurance Co.,* 132 Mass. 521; *Taylor* v. *Insurance* Co., 83 Ia. 402; *Insurance Co.* v. *Walsh,* 54 Ill. 164; *Insurance Co.* v. *Eddy,* 55 Ill. 213; *Insurance Co.* v. *Barwick,* 36 Neb. 223; *Byers* v. *Insurance Co.,* 35 O. St. 606; *Insurance Co.* v *Stocking Co.,* 66 Vt. 439; *Wolf* v. *Insurance Co.,* 115 Wis. 402; *Peck* v. *Insurance Co.,* 16 *Utah* 121; *Koshland Insurance Co.* v. *Stewart,* 13 Ind. App. 627.

The other defenses, set up by the special pleas, were sufficient to defeat the action, but did not constitute ground of forfeiture of the policy. *Munson* v. *Insurance Co.,* 55 W. Va. 423; *Rheims* v. *Insurance Co.,* 39 W. Va. 672; *Flanagan* v. *Insurance Co.,* 42 W. Va. 426; *Adkins* v. *Insurance Co.,* 45 W. Va. 284; *Peninsula L. & T. Co.* v. *Insurance Co.,* 35 W. Va. 555; Elliott on Insurance, sec. 307; 13 A. & E. Enc. L. 329. One of the decisions of this Court, just cited, *Munson* v. *Insurance Co.,* states this proposition clearly and sustains it with an abundance of authority. The others leave the consequence of non-compliance with the condition, requiring proof of loss within the time prescribed, somewhat in doubt, if they do not, indeed, intimate forfeiture as the result thereof; but the Munson case interprets them as holding that the failure only postpones the right of action and delays the time of payment. Whatever may be said of them, the conclusion expressed in the Munson case is undoubtedly in harmony with the weight of authority. Cooley's Briefs, Law of Ins., Vol. IV., pp. 3766-71.

Though these pleas claim more, on the ground of non-compliance with the conditions, than the contract accords the defendant, they constituted a bar to this action on the policy, if sustained by the evidence, or rather if the matter set up in them has not been disproved by the evidence.

The special replications have a sort of double aspect, since they aver substantial compliance with the conditions, relating to notice and proof of loss, and also set up certain facts, relied upon as constituting ground of waiver. The first one says the plaintiff has furnished and the defendant has received notice and proof of loss as required by the terms of the policy, and then specifies dates on which notice was given, without saying whether the notices given were verbal or in writing. The second one avers delivery of a sufficient proof of loss on the 2nd day of March, 1908, and within sixty days after the date of the fire, and then states that the defendant returned it on April 27, 1908, with objections.

The so-called pleas and special replications are objectionable in form, since all are very general and somewhat indefinite, but the court properly overruled all the objections, because they were not made in proper form. Under the statute, applicable to the

subject, these papers are held to be in the nature of bills of particulars, and cannot be rejected for insufficiency like formal pleadings. The court must permit them to be filed, but the parties may demand more particular and definite statements, and then, if they be not furnished, upon the order of the court, and the court be of the opinion that the party making the demand is entitled to further or more definite specifications the evidence offered under them may be excluded. The court may also eliminate insufficient specifications and the evidence adduced in support thereof, by instructions to the jury. *Capellar* v. *Insurance Co.,* 21 W. Va. 576; *Schwarzbach* v. *Protective Union,* 25 W. Va. 622; *Tucker* v. *Insurance Co.,* 58 W. Va. 30; *Rosenthal* v. *Insurance Co.,* 55 W. Va. 238; *Rheims* v. *Insurance Co.,* 39 W. Va. 672; *Harvey* v. *Insurance Co.,* 37 W. Va. 272. The record shows no demand from either party for more particular specifications. Hence no error in the rulings of the court upon these pleas or statements and replications, is shown.

Only one other matter merits consideration. The evidence affords no basis for a claim of waiver of the clause requiring a proof of loss, and nothing having the semblance of such a paper was furnished earlier than March 2, 1908. The defective paper adduced in evidence as a proof of loss bears that date, and, as shown by the summons introduced as evidence, this action was commenced March 30, 1908, twenty-eight days later. An express provision of the policy forbids an action thereon within 60 days after compliance with the conditions of the policy. This limitation was not waived nor is there any evidence of a waiver thereof. What is relied upon as such evidence has no tendency to prove it. The company failed to acknowledge the receipt of the defective proof of loss or to make any objection to it until April 27, 1908. This might be evidence of waiver of the defects in the proof of loss but it does not tend to prove denial of liability or waiver of the limitation in favor of the insurer as to maturity of the cause of action. Notwithstanding this, the court gave instructions for the plaintiff, authorizing a finding in his favor, if the jury believed he had substantially complied with the conditions of the policy, and refused instructions for the defendant, denying right of recovery because the action had been prematurely brought. These rulings were clearly erroneous.

The judgment will be reversed, the verdict set aside and the action dismissed as having been prematurely commenced and without prejudice to any right the plaintiff may have to assert his claim in any other suit or action.

*Judgment reversed; action dismissed without prejudice.*