# CHARLESTON.

E. H. CROUCH, *etc.* v. FRANKLIN NATIONAL INSURANCE COMPANY

(No. C. C. 405)

Submitted November 29, 1927.     Decided December 6, 1927.

1. APPEAL AND ERROR—PLEADING—*Plaintiff's Plea or Written Statement, Showing Waiver, Estoppel, or Confession and Avoidance of Matters Stated in Defense to Action on Insurance Policy, is Demurrable, if Insufficient; Questions Arising on Demurrer to Plaintiff's Plea or Written Statement, Showing Waiver, Estoppel, or Confession and Avoidance of Matters Stated as Defense to Action on Fire Policy, May be Certified (Code, c. 125, §§ 61, 64, 65; c. 135, § 1).*

   A plea or statement in writing by the plaintiff, filed pursuant to section 65 of chapter 125 of the Code, specifying in general or specific terms the matters on which he intends to rely in waiver, estoppel or confession and avoidance of any matter which the defendant has stated by way of defense under section 64 of said chapter to plaintiff's action on a policy of insurance declared on in form provided by section 61 of said chapter, if not sufficient to constitute such waiver, may be met by defendant's demurrer thereto, and the questions arising thereon may be certified to this Court under section 1 of chapter 135 of the Code.   (p. 608).

   (Appeal and Error, 3 C. J. § 934a [Anno]; Insurance, 33 C. J. § 806.)

2. INSURANCE—*Insurance Adjuster's Inducing Belief That Proof of Loss Was Unnecessary Held Waiver of Formal Proof of Loss.*

   When an insurance adjuster, with authority from the insurer to represent it in respect to loss under its policy of insurance, demands of and receives from the insured all the information required by him and by the proof of loss clause

in the policy, and enters into negotiations with the insured for settlement under the policy as if formal proof of loss had actually been furnished, and thereby induces the insured to believe that further proof of loss will not be required, such acts will amount to a waiver of such formal proof of loss.   (p. 612.)

(Fire Insurance, 26 C. J. § 517.)

3.   SAME—*Waiver of Proof of Loss is Not Defeated by Subsequently Attempting to Furnish it Before Suing on Policy.*

A waiver of proof of loss is not defeated by the subsequent act of the insured in attempting to furnish the same before bringing suit on the policy.   (p. 613.)

(Fire Insurance, 26 C. J. § 505.)

4.   SAME—*Insured Need Not Demand Appraisal of Loss by Arbitrators Before Suing on Policy Providing for Arbitration.*

Where an insurance policy provides that in case of failure of the company and the insured "to agree upon the amount of loss or damage, each shall, on the written demand of either," submit to arbitration in the manner provided, the insured is not bound to demand such appraisal as a condition precedent to instituting an action to recover for the loss under the policy.   (p. 614.)

(Fire Insurance, 26 C. J. § 571.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Certified Questions from Circuit Court, Raleigh County.

Action by E. H. Crouch against the Franklin National Insurance Company. After overruling defendant's demurrer to and motion to strike out plaintiff's reply to a specification of defense, the trial court certified questions.

*Affirmed.*

*Ward & Sanders,* for plaintiff.

*File, Goldsmith & Scherer* and *French, Easley & Easley,* for defendant.

MILLER, JUDGE:

This action was brought for the loss occasioned to plaintiff by fire, to his lumber plant, covered by a policy of insurance issued by the defendant company. The declaration is in

the short form provided for by section 61 of chapter 125 of the Code, with policy attached.

. The defendant filed its specification of particular defense, pursuant to section 64 of said chapter, alleging that the plaintiff had rendered to defendant a proof of loss, as required by the policy, on May 31, 1927, and on July 13, 1927, instituted this action, less than sixty days after rendering the proof of loss, when the policy provides that: "The amount of loss or damage for which this company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this company and ascertainment of the loss or damage is made either by agreement between insured and this company expressed in writing or by the filing with this company of an award as herein provided. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the fire;" and it is further alleged that the parties having failed to agree upon the amount of defendant's liability under the policy, the matter should have been submitted to arbitration under the clause of the policy which provides that, if the insured and the company "fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser," who, together with an umpire to be selected by them, are to appraise the loss or damage in accordance with the requirements of the policy.

To this specification of defense, plaintiff filed the reply provided for in section 65 of chapter 125, alleging waiver of the conditions of the policy requiring the rendering of a formal proof of loss. This plea alleges that on April 1, 1927, the day following the fire, plaintiff notified the defendant through its local agent, of his loss; that about the 5th or 6th day of April, the defendant authorized and directed the General Adjustment Bureau, of Bluefield, West Virginia, to represent it in respect to the loss under its policy of insurance, and through said authorized agent investigated the origin of the fire, and gave plaintiff permission and authority

to sell any and all personal property damaged and not destroyed by the fire, for whatever price he could obtain for the same, to be credited on the loss, and to repair all buildings damaged and not destroyed, which the plaintiff immediately carried into effect; that at the request of the defendant, through said agent, plaintiff furnished its agent with a complete inventory of all the property, damaged and undamaged, mentioned in the policy, together with all the information required by the terms of the policy to be included in the proof of loss provided therein; that the defendant, through its said authorized agent, made a critical inquiry of plaintiff concerning all the property covered by the policy, and examined plaintiff's books and invoices in respect to the property; that by its conduct, through its authorized agent, the defendant led plaintiff to believe that it required no more formal proof of loss than that which he had given to it, as hereinbefore mentioned; that by the conduct of defendant, it thereby waived the stipulation, warranty or condition in said policy with respect to said proof of loss and any further formal proof thereof, and is now estopped to assert the same; that defendant's said agent and plaintiff attempted to agree on the amount of loss, but did not do so; that the defendant expressed no desire to arbitrate the difference between them as to said amount, and did not intimate that it would demand an appraisal until July 15, 1927, after the institution of this action; wherefore by its acts defendant waived the right to demand an appraisal, etc.

The circuit court overruled defendant's demurrer to and motion to strike out plaintiff's reply to the specification of defense, and certified to this Court the questions arising on said ruling.

On the hearing here plaintiff contends that his replication is not such a pleading as is contemplated by section 1 of chapter 135 of the Code, authorizing the certification to this Court of ''any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading within the appellate jurisdiction of the supreme court of appeals,'' etc., in other words, that a demurrer or motion to strike will not lie to such a pleading. For this

proposition we are cited to our cases of *Capellar* v. *Insurance Co.*, 21 W. Va. 576; *Rosenthal Co.* v. *Insurance Co.*, 55 W. Va. 258; *Tucker* v. *Insurance Co.*, 58 W. Va. 30; *Seyler* v. *Assurance Co.*, 72 W. Va. 120, and *Bush* v. *Insurance Co.*, 74 W. Va. 244.

By reference to the opinion in *Bentley* v. *Insurance Co.*, 40 W. Va. 729, it will be found that the Court recognized the apparent conflict then existing in our decisions; and Judge BRANNON calls attention to the fact that in *Deitz* v. *Insurance Co.*, 31 W. Va. 851, and *Rheims* v. *Insurance Co.*, 39 W. Va. 672, the Court had held that the statements prescribed by sections 64 and 65 of chapter 125 of the Code, to be used when certain defenses are relied upon, were pleadings subject to demurrer, without mention of the *Capellar* case, and says that it "was overlooked, or passed *sub silentio.*" And it was held in the *Bentley* case that a demurrer would lie to defendant's statement which presented no defense to plaintiff's pleadings. We think the reasons given in the opinion in that case sufficiently convincing to dispose of this question finally. Judge BRANNON clearly distinguishes "mere bills of particulars accompanying declarations in assumpsit and pleas of payment or bills of particulars under section 46, chapter 130 of the Code," from the statements and replies prescribed by sections 64 and 65 of chapter 125, holding that the statute has substituted the latter for the common-law pleadings. See, also *Petit* v. *German Insurance Co.*, 98 Fed. 800, construing the same statute, where the *Bentley* case is cited and followed.

In *Rosenthal Co.* v. *Insurance Co.*, *supra*, the defendant filed no statement pointing out the promissory warranties in the policy which it claimed defendant failed to observe; one that the insured should make an inventory of its stock of goods before the policy became effective, and the other that it should keep books of account correctly detailing the purchases and sales. The question was not before the circuit court, and was raised for the first time on appeal. In the *Tucker* case the statement involved was filed by the plaintiff, under section 62 of chapter 125, providing: "If good cause therefor be shown or appear, the court or judge in vacation, may order

the plaintiff to file a more particular statement, in any respect, of the nature of his claim, or the facts expected to be proved on the trial," etc. The statement was properly held not to be a part of plaintiff's declaration, and not subject to demurrer. The case of *Seyler* v. *Assurance Co., supra,* seems to have been decided upon the authority of *Capellar* v. *Insurance Co., Tucker* v. *Insurance ·Company,* and *Rosenthal* v. *Insurance Co.,* above referred to, without reference to the *Deitz, Rheims* and *Bentley* cases; and the opinion in the *Bush* case refers only to the *Seyler* case, for the rule there laid down, that: "So-called pleas and replications relating to warranties or supposed warranties in a policy of insurance are not pleadings in the technical sense of the term." And in the *Bush* case the supposed warranty which the defendant claimed and plaintiff had breached, appears to have been in the application for the policy of insurance, which was not attached to or in any way made a part of the policy, and was therefore not a part of any pleading, or even in the record at the time the pleadings were made up. What application sections 64 and 65 could have, does not appear, for the statement of defense provided for in section 64 must relate to some "clause, condition or warranty in, upon or annexed to the policy, or contained in or upon any paper which is made by reference a part of the policy."

In the present case the declaration, following the form prescribed by section 61 of chapter 125 of the Code, is as follows: "E. H. Crouch, trading under the firm name and style of E. H. Crouch Lumber Company, complains of Franklin National Insurance Company, a corporation, who has been summoned to answer this; for that the defendant, by virtue of policy of insurance herewith filed, owes two thousand ($2,000.00) dollars to the plaintiff for loss in respect to the property insured by said policy, caused by fire on or about the 31st day of March, in. the year 1927, on City Avenue, in the City of Beckley, Raleigh County, West Virginia." Filed with the declaration is a copy of the policy sued on. No pleadings appear in the record other than defendant's specifications of defense, above referred to, and plaintiff's reply, stating facts upon which he relies to prove

waiver of the conditions claimed by the defendant to have been breached or disregarded.

Defendant does not plead nonassumpsit, or deny liability under the policy, but only avers that this action cannot be maintained because of the failure of plaintiff to perform or comply with certain conditions contained in the policy; not that it has any defense on the merits of plaintiff's claim, but only that the action was prematurely brought. Section 65 of chapter 125 says that the plaintiff may join issue on such plea; but if he "intends to rely upon any matter in waiver, estoppel, or in confession and avoidance of any matter which may have been stated by the defendant as aforesaid, the plaintiff must file a statement in writing, specifying in general terms the matters on which he intends so to rely."

Clearly, the purpose of this statute was to provide a more simple form of pleading in action on insurance policies than that employed under the common-law pleading. "The declaration upon a policy of insurance under the common-law rules of pleading was necessarily long and tedious, and often open to assault, because of the length of the formal policy and its many provisions, conditions and stipulations; and, the declaration being thus long, often the pleas to it were also long and complicated." *Bentley* v. *Insurance Co., supra.* Under the short form of declaration provided by the statute, exclusive of the policy, the plaintiff need only set out his loss, and that the insured owes him a sum named, on account of the policy. The plaintiff need not, as in a declaration at common-law, set out the making of the policy and the tenor thereof, the interest of the plaintiff in the property insured, that notice of proof of loss was made, the actual loss sustained, performance by the plaintiff of the conditions, provisos and stipulations set out in the policy, the default of the defendant and breach of the agreement by the insurer. Recognizing the necessity of a shorter form of defensive pleading, in case the insurer relies on a breach of condition by plaintiff, the Legislature, by section 64, prescribed the method of making such defense, without which the defendant can not introduce evidence of a breach by plaintiff. And section 65 requires the plaintiff, where defendant files his statement of defense, to

specify in general terms any matters upon which he relies in waiver of the conditions alleged by defendant to have been violated. No other pleadings are required.

Though the defendant may plead the general issue, since the plaintiff may join issue on defendant's specifications of defense without further pleading or reply to the same, are not the statements mentioned in sections 64 and 65 the real pleadings in the case? As said by Judge BRANNON, in the *Bentley* case: "They tell the case; they alone. * * * Why are they not pleadings? When filed, the party is confined to them in proof. Though an amplification or specification, why not treat them as amended declarations or pleas? A novel assignment under common law is a pleading. They perform the functions of pleadings, and none that are not functions of pleading. And reflect that they take the place of the common-law declaration or plea. The statute has substituted them for the common-law pleadings." Were it not. for the specification of defense, and plaintiff's reply, in the present case, there would be no pleadings except the declaration. There is no other joinder of issue; and the statute says issue may be so joined. These pleas, and these alone, state all the matters at issue between the parties.

If either of these pleas fail to allege facts or state a defense to the pleading of the other party, it would certainly be subject to demurrer, as any other matter pleaded in defense, or avoidance. We are clearly of opinion that the statements provided for by sections 64 and 65 of chapter 125 are pleadings, and are subject to demurrer when not responsive to the pleading so traversed.

On the question of waiver, counsel for defendant cites a number of our cases holding, in effect, that an adjuster of an insurance company has no authority or power, as such, to waive proof of loss required by the policy; and that only an officer or agent of the company shown to have such authority can do so. *Morris* v. *Dutchess Insurance Co.*, 67 W. Va. 368; *Slater* v. *Williamsburg City Fire Insurance Co.*, 68 W. Va. 779; *Huff* v. *Columbia Insurance Co.*, 94 W. Va. 663. The correctness of this proposition is not challenged. But here the question is only one of pleading, not of proof. Plaintiff's

plea relying on waiver alleges that the insurance company authorized and directed the adjuster "to represent it in respect to said loss under the policy," and that the defendant through "said authorized agent," made a full investigation of the fire, and upon request was furnished with a complete inventory of the property insured, damaged and undamaged, and all information required by the policy to be contained in the proof of loss therein required. Whether or not the agent of the company was denominated an "adjuster", if he was authorized to make a settlement with the plaintiff, and the defendant recognized liability under the policy, his acts might constitute a waiver of formal proof of loss. "It is a rule well supported by the decisions that recognition of liability by the company, as by an officer, to pay all or a part of the loss, or negotiations for settlement under the policy as if proof of loss actually had been furnished, will amount to a waiver of formal notice and proof of loss or of defects therein." *Lusk* v. *Insurance Company*, 80 W. Va. 39. The plea in this case alleges that plaintiff furnished defendant, through its agent, with all the information required by the clause of the statutory policy, headed, "Requirements in case of loss;" and that the agent acted on the same, by entering into negotiations to determine and agree upon the amount of loss, and authorized the plaintiff to sell any and all property damaged and not destroyed, the sum realized from such sale to be credited on the amount of loss. It is clear that the company, if the agent had the authority alleged, recognized liability; and it appears from the pleadings that the only matter in difference between the parties was the amount of liability. We think plaintiff's plea sufficient on demurrer.

Counsel for defendant insists that by afterwards rendering the formal proof of loss plaintiff is estopped to assert waiver. No doubt plaintiff relied on the agent's acts above mentioned until it appeared that the negotiations would not result in a settlement, fully expecting an agreement would be reached, but when he realized he would have to resort to an action at law, he thought it would be of some advantage to him to render the formal proof. "The assured may insist that proof of loss has been waived, notwithstanding the fact that he,

later, furnished such proof, from abundance of caution."
*Warshawky* v. *Insurance Co.*, 98 Iowa 221, 26 C. J. 393. If
the acts of the agent constituted waiver, plaintiff's subse-
quent act in rendering the formal proof of loss does not change
the fact, if he entered into negotiations for settlement, de-
pending on such waiver.

It is insisted that under the provisions of the policy pro-
viding that no suit or action shall be maintained thereon
unless all the requirements of the policy shall have been com-
plied with, the action is not maintainable until after the
appraisal provided. But by the terms of that provision,
neither party is required to submit to appraisal except upon
demand of the other; and plaintiff's plea alleges that no
demand was made. "If the adjuster makes up a proof of
loss from the data furnished him by the insured, or his agent,
which includes an itemized list of the goods saved from the
fire, with the value of each item, and makes no demand that
they be appraised, he thereby waives the provision in the
policy relating to their appraisement." *Houseman* v. *Insu-
rance Company*, 78 W. Va. 586.

The ruling of the circuit court will be affirmed.

*Affirmed.*